OPINION
The defendant-appellant, Claude Norman, Jr. ("the appellant"), appeals the decision of the Auglaize County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the judgment of the trial court.
In January of 1980, the appellant was indicted by the Auglaize County Grand Jury on one count of rape, in violation of R.C. 2907.02(A)(1), a felony of the first degree. On or about April 7, 1980, the appellant pleaded guilty to the offense as charged in the indictment. The trial court accepted the appellant's guilty plea and sentenced him to a term of seven (7) to twenty-five (25) years in prison.
While serving his term in prison, the Ohio Department of Rehabilitation and Corrections recommended that the appellant be classified as a sexual predator. A sexual predator hearing was held on September 17, 1999, in the Auglaize County Court of Common Pleas. At the conclusion of the hearing, the trial court found that the appellant was a sexual predator pursuant to the criteria set forth in R.C. 2950.09.
The appellant now appeals, asserting five assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred, in violation of the Ex Post Facto Clause of the United States Constitution, in finding the defendant-appellant to be a sexual predator.
In his first assignment of error, the appellant maintains that the trial court erred in finding him to be a sexual predator because R.C. Chapter 2950, Ohio's sexual predator statute, violates the Ex Post Facto Clause of the United States Constitution. For the following reasons, we disagree.
In State v. Cook (1999), 83 Ohio St.3d 404, 423, the Supreme Court of Ohio upheld the constitutionality of R.C. Chapter 2950 by finding that the registration and notification provisions set forth in R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, do not violate the Ex Post Facto Clause of the United States Constitution. Having so found, the appellant's first assignment of error is without merit and is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred, in violation of the Cruel and Unusual Punishment Clauses of the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution, in finding the defendant-appellant to be a sexual predator.
In his second assignment of error, the appellant maintains that the trial court erred in adjudicating him to be a sexual predator because R.C. Chapter 2950 violates the state and federal constitutional prohibitions against cruel and unusual punishment. For the following reasons, we disagree.
In Cook, 83 Ohio St.3d at 423, the Supreme Court of Ohio held that the registration and notification provisions of R.C. Chapter 2950 are not punitive in nature but, rather, serve the remedial purpose of protecting the public. Thus, the protections against cruel and unusual punishments are not implicated. See, e.g.,State v. James (Dec. 8, 1999), Hardin App. No. 6-99-5, unreported. Accordingly, the appellant's second assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. III The trial court erred, in violation of the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, in finding the defendant-appellant to be a sexual predator.
In his third assignment of error, the appellant maintains that that the trial court erred in finding him to be a sexual predator because R.C. Chapter 2950 violates the state and federal constitutional prohibitions against double jeopardy. For the following reasons, we disagree.
Again, in Cook, 83 Ohio St.3d at 423, the Supreme Court of Ohio held that the registration and notification provisions of R.C. Chapter 2950 are not punitive in nature but, rather, serve the remedial purpose of protecting the public. Having so found, R.C. Chapter 2950 does not subject the appellant to multiple punishments for the same offense. See, e.g., State v. James (Dec. 8, 1999), Hardin App. No 6-99-5, unreported. Accordingly, the appellant's third assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. IV R.C. Chapter 2950, as amended by H.B. 180, provides no guidance as to how the factors in R.C. 2950.09(B)(2) are to be considered and weighed, rendering the law vague, in violation of the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution.
In his fourth assignment of error, the appellant asserts that the trial court erred in adjudicating him to be a sexual predator because R.C. Chapter 2950 violates the due process clauses of the state and federal constitutions. For the following reasons, we disagree.
In his brief, the appellant challenges the constitutionality of R.C. Chapter 2950 on the basis that the statute provides no guidance as to how the factors of R.C. 2950.09(B)(2) are to be weighed and considered by the trial court. This Court, however, has previously held in State v. Avery (1998), 126 Ohio App.3d 36, and State v. James (Dec. 8, 1999), Hardin App. No. 6-99-5, unreported, that R.C. 2950.09(B) is not unconstitutionally vague. Pursuant to the foregoing authority, we find no merit to the appellant's claim that R.C. Chapter 2950 is void for vagueness. Accordingly, the appellant's fourth assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. V The trial court erred, in violation of Section 1, Article I
of the Ohio Constitution, in finding the defendant-appellant to be a sexual predator, because Ohio's sexual predator law is an invalid exercise of the police power and deprives individuals of their inalienable and natural-law rights.
In his fifth assignment of error, the appellant challenges the constitutionality of R.C. Chapter 2950 on the basis that the statute is an invalid exercise of the state's police power. Specifically, the appellant maintains that R.C. Chapter 2950 is unduly oppressive upon individuals and is an unreasonable and arbitrary infringement upon individual privacy rights. For the following reasons, we disagree.
In support of his position, the appellant relies upon the decision of the Fourth District Court of Appeals in State v.Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999), 86 Ohio St.3d 1406, as authority for the proposition that R.C. Chapter 2950 is unconstitutional on the grounds that it violates Article I, Sections 1 and 16 of the Ohio Constitution. This Court, however, has repeatedly upheld the constitutionality of R.C. Chapter 2950 by finding that it constitutes a valid use of the state's police power and is not an unreasonable or arbitrary infringement upon individual privacy rights. See, State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported; State v. Joyce (Sept. 2, 1999), Allen App. No. 1-99-31, unreported, State v. Simms (Sept. 15, 1999), Allen App. No. 1-99-38, unreported; State v. Conley
(Sept. 29, 1999), Allen App. No. 1-99-39, unreported; State v.Bradley (Oct. 13, 1999), Logan App. No. 8-99-07, unreported; Statev. Kinkle (Oct. 28, 1999), Allen App. No. 1-99-55, unreported. We have not changed our position on this issue and continue to follow our previous line of decisions. Accordingly, the appellant's fifth assignment of error is not well-taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the decision of the trial court.
Judgment affirmed.
 BRYANT and WALTERS, J.J., concur.